**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

FILED

JAN 1 4 2020

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>**KIMBERLY DIANA NOEL,**<br>**EARLY WILLARD WOODMORE, III,**<br>**a/k/a EARLEY WILLARD WOODMORE,**<br>**III, CALVIN JAMES WOODMORE,**<br>**AMBER NICOLE WOODMORE,**<br>**VALERIE NACOLE ADCOCK,**<br>**DENNIS CLYDE MARSHALL, Jr.,**<br>**PRENTICE ROLAND KEITH,**<br>**JIMMIE RAY STEPHENS, a/k/a JIMMY**<br>**RAY STEPHENS, TIFFANY ANN MEEKS-**<br>**DAVIS, MICHAEL DEWANE HUNT,**<br>**CHOICE LYNN NEEDHAM, and JANET**<br>**SUE TROUTT,**<br><br>*Defendants.* | **SEALED**<br><br>PATRICK KEANEY<br>Clerk, U.S. District Court<br>By_____<br>Deputy Clerk<br><br>Case No.<br><br>**CR 20-004-RAW** |

**INDICTMENT**

The Federal Grand Jury charges:

**INTRODUCTION**

At all times relevant to this Indictment:

1.     **KIMBERLY DIANA NOEL** was a resident of Desert Hot Springs, California, and was also known as "22".

2.     **EARLY WILLARD WOODMORE, III** was a resident of Quinton, Oklahoma which is in the Eastern District of Oklahoma, and was also known as **EARLEY WILLARD WOODMORE, III** and "12:30".

3.      **CALVIN JAMES WOODMORE** was a resident of McAlester, Oklahoma which is in the Eastern District of Oklahoma, and was the brother of **EARLY WILLARD WOODMORE, III**.

4.      **AMBER NICOLE WOODMORE** was a resident of McAlester, Oklahoma which is in the Eastern District of Oklahoma, and was the sister of **EARLY WILLARD WOODMORE, III**.

5.      **VALERIE NACOLE ADCOCK** was a resident of McAlester, Oklahoma which is in the Eastern District of Oklahoma.

6.      **DENNIS CLYDE MARSHALL, Jr.** was a resident of McAlester, Oklahoma which is in the Eastern District of Oklahoma.

7.      **PRENTICE ROLAND KEITH** was a resident of Kinta, Oklahoma which is in the Eastern District of Oklahoma, and was also known as "PK".

8.      **JIMMIE RAY STEPHENS** was a resident of Lewisville, Oklahoma which is in the Eastern District of Oklahoma, and was also known as **JIMMY RAY STEPHENS** and "Old School".

9.      **TIFFANY ANN MEEKS-DAVIS** was a resident of McAlester, Oklahoma which is in the Eastern District of Oklahoma, also known as "T".

10.     **MICHAEL DEWANE HUNT** was a resident of Kinta, Oklahoma which is in the Eastern District of Oklahoma.

11.     **CHOICE LYNN NEEDHAM** was a resident of Quinton, Oklahoma which is in the Eastern District of Oklahoma.

12.     **JANET SUE TROUTT** was an employee of the Eighth Street Motel at 915 S. 8th Street in Rogers, Arkansas.

2

## COUNT ONE

### DRUG CONSPIRACY
### [21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A)]

Numerical paragraphs 1 through 12 of the Introduction are re-alleged and incorporated herein by reference.

Beginning in or about January 2017, the exact date being unknown to the Grand Jury, and continuing until on or about the date of this Indictment, in the Eastern District of Oklahoma and elsewhere, **KIMBERLY DIANA NOEL, EARLY WILLARD WOODMORE, III, CALVIN JAMES WOODMORE, AMBER NICOLE WOODMORE, VALERIE NACOLE ADCOCK, DENNIS CLYDE MARSHALL, Jr., PRENTICE ROLAND KEITH, JIMMIE RAY STEPHENS, TIFFANY ANN MEEKS-DAVIS, MICHAEL DEWANE HUNT, CHOICE LYNN NEEDHAM, and JANET SUE TROUTT,** defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree together, and with others known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 21, United States Code, Section 846, as follows:

### OBJECTS OF THE CONSPIRACY

1.      To knowingly and intentionally distribute 50 grams or more of methamphetamine (actual), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); and

2.      To knowingly and intentionally possess with the intent to distribute 50 grams or more of methamphetamine (actual), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

3

## MANNER AND MEANS OF THE CONSPIRACY

In order to accomplish the objects of the conspiracy, the defendants and other persons known and unknown to the Grand Jury:

1.      Possessed with the intent to distribute and distributed methamphetamine, marijuana and other controlled substances to other individuals both known and unknown to the Grand Jury.

2.      Acquired quantities of methamphetamine, marijuana and other controlled substances from sources located in, but not limited to, Desert Hot Springs, California.

3.      Arranged for the transport of quantities of methamphetamine, marijuana and other controlled substances from Desert Hot Springs, California, and other places, to the Eastern District of Oklahoma and elsewhere, often by use of the United States Postal Service.

4.      Maintained locations and residences in Haskell County and Pittsburg County, Oklahoma, and elsewhere, where methamphetamine, marijuana and other controlled substances were brought to be divided among conspirators for distribution within the Eastern District of Oklahoma and elsewhere.

5.      Collected, stored and transported sums of United States Currency derived from the sale of methamphetamine, marijuana and other controlled substances.

6.      Acquired certain assets, including houses, guns and vehicles, to facilitate the distribution of methamphetamine, marijuana and other controlled substances.

7.      Used electronic communications equipment to further their narcotics conspiracy by use of cellular telephones to communicate with co-conspirators both known and unknown to the Grand Jury and with customers to whom they distributed methamphetamine, marijuana and other controlled substances.

8.     Used violence and threats of violence to collect drug proceeds, to prevent the theft of illegal drugs and drug proceeds, to maintain secrecy and to promote discipline among the co-conspirators.

9.     It was part of the conspiracy and understood that individual conspirators could contact their own sources, cultivate their own customers, and otherwise act independently when they desired, but although there were disagreements, the conspirators, with knowledge and support of each other's unlawful methamphetamine, marijuana and other controlled substance distribution activities, each conspirator at some time during the course of the conspiracy knowingly and intentionally agreed and acted together jointly with other conspirators to advance the common overall goal of buying, selling and otherwise possessing with intent to distribute and distributing methamphetamine, marijuana and other controlled substances.

## OVERT ACTS

In furtherance of the conspiracy and to effect and accomplish its objectives, the Defendants, and others known and unknown to the Grand Jury, committed the following overt acts, among others, in the Eastern District of Oklahoma and elsewhere:

1.     On or about December 7, 2017, **AMBER NICOLE WOODMORE** caused a transfer of $800.00 in United States Currency via MoneyGram from the WalMart Store in McAlester, Oklahoma.

2.     On or about December 7, 2017, **KIMBERLY DIANA NOEL** received $800.00 in United States Currency via MoneyGram at a WalMart Store in California.

3.     On or about December 13, 2017, **CHOICE LYNN NEEDHAM** caused a transfer of $800.00 in United States Currency via MoneyGram from the WalMart Store in McAlester, Oklahoma.

4.      On or about December 13, 2017, **KIMBERLY DIANA NOEL** received $800.00 in United States Currency via MoneyGram at the WalMart Store in Palm Desert, California.

5.      On or about December 27, 2017, **CHOICE LYNN NEEDHAM** caused a transfer of $900.00 in United States Currency via MoneyGram from the WalMart Store in McAlester, Oklahoma.

6.      On or about December 27, 2017, **KIMBERLY DIANA NOEL** received $900.00 in United States Currency via MoneyGram at the WalMart Store in Palm Desert, California.

7.      On or about January 2, 2018, **CHOICE LYNN NEEDHAM** caused a transfer of $1,200.00 in United States Currency via MoneyGram from the WalMart Store in McAlester, Oklahoma.

8.      On or about January 2, 2018, **KIMBERLY DIANA NOEL** received $1,200.00 in United States Currency via MoneyGram at the WalMart Store in Palm Springs, California.

9.      On or about July 25, 2018, **EARLY WILLARD WOODMORE, III**, distributed approximately 4.27 grams of a mixture or substance containing a detectable amount of methamphetamine.

10.     On or about August 20, 2018, an unknown co-conspirator mailed a parcel from Highland, California to 106 S. Perry Avenue in Lewisville, Oklahoma.

11.     On or about August 22, 2018, **MICHAEL DEWANE HUNT** retrieved a parcel from the mail box at 106 S. Perry Avenue in Lewisville, Oklahoma, and delivered the package to 1005 N. 10th Street in Quinton, Oklahoma.

12.     On or about August 27, 2018, an unknown co-conspirator mailed a parcel from Desert Hot Springs, California to 106 S. Perry Avenue in Lewisville, Oklahoma.

6

13.     On or about August 29, 2018, **JIMMIE RAY STEPHENS** retrieved a parcel from the mail box at 106 S. Perry Avenue in Lewisville, Oklahoma.

14.     On or about September 1, 2018, **KIMBERLY DIANA NOEL** mailed a parcel from Desert Hot Springs, California to 106 S. Perry Avenue in Lewisville, Oklahoma.

15.     On or about September 4, 2018, **JIMMIE RAY STEPHENS** retrieved a parcel from the mail box at 106 S. Perry Avenue in Lewisville, Oklahoma.

16.     On or about October 2, 2018, an unknown co-conspirator mailed a parcel from North Palm Springs, California to 106 S. Perry Avenue in Lewisville, Oklahoma.

17.     On or about October 6, 2018, **EARLY WILLARD WOODMORE, III** retrieved an undeliverable parcel from the United States Post Office in Kinta, Oklahoma.

18.     On or about October 13, 2018, an unknown co-conspirator mailed a parcel from Desert Hot Springs, California to 106 S. Perry Avenue in Lewisville, Oklahoma.

19.     On or about October 18, 2018, **MICHAEL DEWANE HUNT** retrieved a parcel from the mail box at 106 S. Perry Avenue in Lewisville, Oklahoma and delivered the package to **JIMMIE RAY STEPHENS'** residence at 31038 Tucker Knob Road in Kinta, Oklahoma.

20.     On or about October 19, 2018, **CALVIN JAMES WOODMORE** caused a transfer of $2,000.00 in United States Currency via MoneyGram from the WalMart Store in McAlester, Oklahoma.

21.     On or about October 22, 2018, **JIMMIE RAY STEPHENS** retrieved a parcel from the mail box at 106 S. Perry Avenue in Lewisville, Oklahoma.

22.     On or about November 6, 2018, **EARLY WILLARD WOODMORE, III** and **JIMMIE RAY STEPHENS** distributed a quantity of methamphetamine.

7

23.     On or about November 6, 2018, **EARLY WILLARD WOODMORE, III** received payment for methamphetamine previously distributed by **EARLY WILLARD WOODMORE, III.**

24.     On or about November 20, 2018, **CHOICE LYNN NEEDHAM** caused a transfer of $1,000.00 in United States Currency via MoneyGram from the WalMart Store in McAlester, Oklahoma.

25.     On or about November 20, 2018, **KIMBERLY DIANA NOEL** received $1,000.00 in United States Currency via MoneyGram at the Cardenas Market in Cathedral City, California.

26.     On or about November 20, 2018, **CHOICE LYNN NEEDHAM** caused a transfer of $1,000.00 in United States Currency via MoneyGram from the WalMart Store in McAlester, Oklahoma.

27.     In or about December 2018, the exact date unknown to the Grand Jury, **EARLY WILLARD WOODMORE, III, PRENTICE ROLAND KEITH,** and **DENNIS CLYDE MARSHALL, Jr.** fired live ammunition from a rifle into a travel trailer being used as a residence by J.S. for the purpose of deterring J.S. from cooperating with law enforcement authorities in the investigation of the illegal distribution of controlled substances.

28.     On or about January 29, 2019, an unknown co-conspirator mailed a parcel under a false name from Desert Hot Springs, California to be delivered to the residence of **VALERIE NACOLE ADCOCK** at 823 East Tyler Avenue in McAlester, Oklahoma.

29.     On or about January 31, 2019, **EARLY WILLARD WOODMORE, III,** drove his 1998 Chevrolet Malibu from 823 East Tyler Avenue in McAlester, Oklahoma to 102 East Crisler Avenue in McAlester, Oklahoma and delivered the parcel previously received at the

8

residence of **VALERIE NACOLE ADCOCK** at 823 East Tyler Avenue in McAlester, Oklahoma.

30.     On or about February 5, 2019, an unknown co-conspirator mailed a parcel under a false name from Desert Hot Springs, California to be delivered by the United States Postal Service to the residence of **VALERIE NACOLE ADCOCK** at 823 East Tyler Avenue in McAlester, Oklahoma.

31.     On or about February 23, 2019, an unknown co-conspirator mailed a parcel under a false name from Desert Hot Springs, California to be delivered by the United States Postal Service to the residence of **VALERIE NACOLE ADCOCK** at 823 East Tyler Avenue in McAlester, Oklahoma.

32.     On or about March 5, 2019, **EARLY WILLARD WOODMORE, III** caused $9,200.00 to be deposited into Bank of America account number xxxxxxxx3594 in Tulsa, Oklahoma.

33.     On or about March 5, 2019, **EARLY WILLARD WOODMORE, III** caused $9,200.00 to be transferred to Bank of America account number xxxxxxxx1413 in Desert Hot Springs, California.

34.     On or about March 5, 2019, **KIMBERLY DIANA NOEL** caused $9,200.00 in United States Currency to be withdrawn from Bank of America account number xxxxxxxx1413 in Desert Hot Springs, California.

35.     On or about March 8, 2019, **EARLY WILLARD WOODMORE, III, CALVIN JAMES WOODMORE, PRENTICE ROLAND KEITH,** and **DENNIS CLYDE MARSHALL, Jr.** assaulted D.E., A.K., and G.B. while accusing the three victims of stealing a quantity of methamphetamine from the organization.

9

36.     On or about March 16, 2019, an unknown co-conspirator mailed a parcel under a false name from Desert Hot Springs California to be delivered by the United States Postal Service to the residence of **DENNIS CLYDE MARSHALL, Jr.** at 806 West Wyandotte Avenue in McAlester, Oklahoma.

37.     On or about March 18, 2019, **TIFFANY ANN MEEKS-DAVIS** retrieved a parcel from the residence of **DENNIS CLYDE MARSHALL, Jr.** at 806 West Wyandotte Avenue in McAlester, Oklahoma and transported the parcel to 102 East Crisler in McAlester, Oklahoma.

38.     On or about March 22, 2019, **DENNIS CLYDE MARSHAL, Jr.** caused $5,400.00 to be deposited into Bank of America account number xxxxxxxx3594 in Tulsa, Oklahoma.

39.     On or about March 22, 2019, **EARLY WILLARD WOODMORE, III** caused $5,400.00 to be transferred to Bank of America account number xxxxxxxx1413 in Desert Hot Springs, California.

40.     On or about March 22, 2019, **KIMBERLY DIANA NOEL** caused $5,400.00 in United States Currency to be withdrawn from Bank of America account number xxxxxxxx1413 in Desert Hot Springs, California.

41.     On or about March 24, 2019, **PRENTICE ROLAND KEITH** possessed 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine with the intent to distribute.

42.     On or about March 28, 2019, an unknown co-conspirator mailed a parcel under a false name from Desert Hot Springs, California to be delivered by the United States Postal Service to the residence of **DENNIS CLYDE MARSHALL, Jr.** at 806 West Wyandotte Avenue in McAlester, Oklahoma.

43.     On or about March 31, 2019, **VALERIE NACOLE ADCOCK** caused a transfer of $1,175.00 in United States Currency via RIA Money Transfer from the WalMart Store in McAlester, Oklahoma.

44.     On or about March 31, 2019, **KIMBERLY DIANA NOEL** received $1,175.00 in United States Currency via RIA Money Transfer at the WalMart Store in Palm Springs, California.

45.     On or about April 29, 2019, **JIMMIE RAY STEPHENS** possessed with the intent to distribute methamphetamine.

46.     On or about June 7, 2019, **VALERIE NACOLE ADCOCK** caused a transfer of $900.00 in United States Currency via RIA Money Transfer from the WalMart Store in McAlester, Oklahoma.

47.     On or about June 7, 2019, **KIMBERLY DIANA NOEL** received $900.00 in United States Currency via RIA Money Transfer at the WalMart Store in Palm Springs, California.

48.     On or about July 26, 2019, **EARLY WILLARD WOODMORE, III** caused **JANET SUE TROUTT** to deposit $1,850.00 into Bank of America account number xxxxxxxx6794 in Rogers, Arkansas.

49.     On or about July 26, 2019, **EARLY WILLARD WOODMORE, III** caused $1,850.00 to be transferred to Bank of America account number xxxxxxxx1413 in Desert Hot Springs, California.

50.     On or about July 26, 2019, **KIMBERLY DIANA NOEL** caused $1,840.00 in United States Currency to be withdrawn from Bank of America account number xxxxxxxx1413 in Desert Hot Springs, California.

11

51.     On or about July 27, 2019, an unknown co-conspirator mailed a parcel under a false name from Palm Springs, California to be delivered by the United States Postal Service to 915 S. 8th Street in Rogers, Arkansas (the Eighth Street Motel).

52.     On or about July 30, 2019, **JANET SUE TROUTT** received a parcel from the United States Postal Service at her work address in Rogers, Arkansas, which had been mailed from Palm Springs, California at the direction of **KIMBERLY DIANA NOEL**.

53.     On or about August 13, 2019, an unknown co-conspirator mailed a parcel under a false name from Palm Springs, California to be delivered by the United States Postal Service to 915 S. 8th Street in Rogers, Arkansas (the Eighth Street Motel).

All in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

## COUNT TWO

### DISTRIBUTION OF METHAMPHETAMINE
### [21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A) and 18 U.S.C. § 2]

On or about November 6, 2018, in the Eastern District of Oklahoma, defendants, **EARLY WILLARD WOODMORE, III** and **JIMMIE RAY STEPHENS**, did knowingly and intentionally distribute 50 grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT THREE

### POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE
### [21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)]

On or about March 24, 2019, in the Eastern District of Oklahoma, defendant, **PRENTICE ROLAND KEITH**, did knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule

12

II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT FOUR

### POSSESSION OF FIREARM
### IN FURTHERANCE OF DRUG TRAFFICKING CRIME
### [18 U.S.C. § 924(c)]

On or about March 24, 2019, in the Eastern District of Oklahoma, the defendant, **PRENTICE ROLAND KEITH**, did knowingly possess a firearm, to wit:

- One (1) Remington Arms Co., Model 870 Express, 12 gauge pump action shotgun, serial number X271471M;

- One (1) Sota Arms, Model Pa 15, multi-caliber, semi-automatic pistol, serial number 3090;

- One (1) Mossberg Model 500A, 12 gauge pump action shotgun, serial number J660191; and

- One (1) The Marlin Firearms Co., Model Glenfield mod. 10, .22 caliber bolt action rifle, with no serial number

in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Possession with Intent to Distribute Methamphetamine as alleged in Count Three, in violation of Title 18, United States Code, Section 924(c).

## COUNT FIVE

### FELON IN POSSESSION OF FIREARM AND AMMUNITION
### [18 U.S.C. §§ 922(g)(1) & 924(a)(2)]

On or about March 24, 2019, in the Eastern District of Oklahoma, the defendant, **PRENTICE ROLAND KEITH,** having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing of such conviction, did knowingly possess in and affecting commerce, a firearm and ammunition, to-wit:

13

- One (1) Remington Arms Co., Model 870 Express, 12 gauge pump action shotgun, serial number X271471M;

- One (1) Sota Arms, Model Pa 15, multi caliber, semi-automatic pistol, serial number 3090;

- One (1) Mossberg Model 500A, 12 gauge pump action shotgun, serial number J660191;

- One (1) The Marlin Firearms Co., Model Glenfield mod. 10, .22 caliber bolt action rifle, with no serial number;

- Nine (9) rounds of Remington brand .20 gauge caliber shotgun ammunition;

- Nineteen (19) rounds of Remington brand .410 gauge shotgun ammunition;

- Eight (8) rounds of .223 Remington/5.56x45mm caliber ammunition (7 rounds of Lake City brand and 1 round of Federal brand);

- Eleven (11) rounds of .223 Remington/5.56x45mm caliber ammunition (4 rounds of Lake City brand and 7 rounds of Federal brand);

- Four (4) rounds of 12 gauge caliber shotgun ammunition (3 rounds of Winchester brand and 1 round of Sellier and Bellot brand);

- One (1) round of Remington brand .22 caliber ammunition;

- Ten (10) rounds of Russian manufactured 7.62x39mm caliber ammunition; and

- Twenty-three (23) rounds of Remington brand .357 Magnum caliber ammunition

which had been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT SIX

### POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE
### [21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]

On or about April 29, 2019, in the Eastern District of Oklahoma, defendant, **JIMMIE**

14

**RAY STEPHENS**, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

**COUNT SEVEN**

**POSSESSION OF FIREARM**
**IN FURTHERANCE OF DRUG TRAFFICKING CRIME**
**[18 U.S.C. § 924(c)]**

On or about April 29, 2019, in the Eastern District of Oklahoma, the defendant, **JIMMIE RAY STEPHENS**, did knowingly possess a firearm, to wit:

- One (1) Savage Arms (Canada) Inc., Model Savage Mark II. .22 caliber bolt action rifle with Simmons scope serial number 0271039;

- One (1) Firearms Import and Export (F.I.E.), Model Tex, .22 caliber revolver with serial number IY41567;

- One (1) Companhia Brasileiros de Cartouchos (CBC), Model SB, 12 gauge break open shotgun, serial number 376733;

- One (1) Remington Arms Union Metallic Ctg Co., Model 11, 12 gauge semi-automatic shotgun, serial number 244394;

- One (1) Savage Arms Co. (Stevens), Model 258A, 20 gauge bolt action shotgun, with no serial number;

- One (1) High Standard Manufacturing Corp., Model Double Nine, .22 caliber revolver, serial number 1948891; and

- One (1) Heritage Manufacturing, Model Rough Rider, .22 caliber revolver, serial number G85489

15

in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Possession with Intent to Distribute Methamphetamine as alleged in Count Six, in violation of Title 18, United States Code, Section 924(c).

## COUNT EIGHT

### FELON IN POSSESSION OF FIREARM AND AMMUNITION
### [18 U.S.C. §§ 922(g)(1) & 924(a)(2)]

On or about April 29, 2019, in the Eastern District of Oklahoma, the defendant, **JIMMIE RAY STEPHENS,** having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing of such conviction, did knowingly possess in and affecting commerce, a firearm and ammunition, to-wit:

- One (1) Savage Arms (Canada) Inc., Model Savage Mark II. .22 caliber bolt action rifle with Simmons scope serial number 0271039;

- One (1) Firearms Import and Export (F.I.E.), Model Tex, .22 caliber revolver with serial number IY41567;

- Companhia Brasileiros de Cartouchos (CBC), Model SB, 12 gauge break open shotgun, serial number 376733;

- One (1) Remington Arms Union Metallic Ctg Co., Model 11, 12 gauge semi-automatic shotgun, serial number 244394;

- One (1) Savage Arms Co. (Stevens), Model 258A, 20 gauge bolt action shotgun, with no serial number;

- One (1) High Standard Manufacturing Corp., Model Double Nine, .22 caliber revolver, serial number 1948891;

- One (1) Heritage Manufacturing, Model Rough Rider, .22 caliber revolver, serial number G85489;

16

- One (1) round of Remington brand .32 Smith and Wesson caliber ammunition;

- Twenty-four (24) rounds Companhia Brasileiros de Cartouchos (CBC) brand .357 Magnum caliber ammunition;

- Four (4) rounds of 12 gauge shotgun ammunition (2 Remington brand and 2 Winchester brand);

- One (1) round of Winchester brand 12 gauge shotgun ammunition;

- Six (6) rounds of .22 Magnum caliber ammunition (3 Cascade Cartridges Inc. (CCI) brand and 3 Winchester brand);

- Nineteen (19) rounds of .44 Remington Magnum caliber Federal brand ammunition;

- Ten (10) rounds of .22 caliber ammunition (2 Federal brand and 8 Remington brand); and

- Fifty-eight (58) rounds of .223 Remington/5.56x45mm caliber ammunition (50 rounds Lake City brand and 8 rounds Federal brand)

which had been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT NINE

### MONEY LAUNDERING CONSPIRACY
### [18 U.S.C. §§ 1956(h) & 1956(a)(1)]

From on or about August 10, 2017 through on or about the date of this indictment, in the Eastern District of Oklahoma and elsewhere, the defendants, **KIMBERLY DIANA NOEL, EARLY WILLARD WOODMORE, III, CALVIN JAMES WOODMORE, AMBER NICOLE WOODMORE, VALERIE NACOLE ADCOCK, DENNIS CLYDE MARSHALL, CHOICE LYNN NEEDHAM, and JANET SUE TROUTT,** did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to

17

wit:

## OBJECTS OF THE CONSPIRACY

1.      To knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, Possession with Intent to Distribute and Distribution of a Controlled Substance in violation of Title 21, United States Code, Section 841(a)(1), with the intent to promote the carrying on of specified unlawful activity, that is, Possession with Intent to Distribute and Distribution of a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

2.      To knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, Possession with Intent to Distribute and Distribution of a Controlled Substance in violation of Title 21, United States Code, Section 841(a)(1), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## MANNER AND MEANS

The manner and means used to accomplish the objects of the conspiracy included, among others, the following:

On or about the dates set forth below, in the Eastern District of Oklahoma and elsewhere, the defendants and others both known and unknown to the Grand Jury did transmit, transfer and attempt to transmit and transfer funds, that is, United States Currency, using the following methods:

1.      Defendants opened and maintained accounts in their names and in other names, in Bank of America in Oklahoma and Arkansas into which United States Currency was deposited, and accounts in their names and in other names in Bank of America in California from which United States Currency was withdrawn, including but not limited to the following specific transfers:

|     | On or about | Defendant | Deposit | Withdrawal | Location |
|-----|-------------|-----------|---------|------------|----------|
| a.  | March 5, 2019 | **EARLY WILLARD WOODMORE, III** | $9,200.00 |  | Tulsa, OK Account # xxxxxxxx3594 |
| b.  | March 5, 2019 | Unindicted Co-conspirator |  | $9,200.00 | Desert Hot Springs, CA Account # xxxxxxxx1413 |
| c.  | March 22, 2019 | **DENNIS   CLYDE MARSHALL** | $5,400.00 |  | Tulsa, OK Account # xxxxxxxx3736 |
| d.  | March 22, 2019 | Unindicted Co-conspirator |  | $5,400.00 | Desert Hot Springs, CA Account # xxxxxxxx1413 |
| e.  | July 26, 2019 | **JANET SUE TROUTT** | $1,850.00 |  | Rogers, Arkansas Account # xxxxxxxx6794 |
| f.  | July 26, 2019 | **KIMBERLY DIANA NOEL** |  | $1,840.00 | Desert Hot Springs, CA Account # xxxxxxxx1413 |

2.      Defendants used money transfer businesses with points of service in Oklahoma and California to which defendants and unindicted co-conspirators provided United Stated Currency in Oklahoma and from which defendants and unindicted co-conspirators received United States

Currency in California, including but not limited to the following specific transfers:

|   | On or about | Defendant | Sent | Received | Money Service Business and Location |
|---|---|---|---|---|---|
| a. | December 7, 2017 | **AMBER NICOLE WOODMORE** | $800.00 | | WalMart, McAlester, Oklahoma |
| b. | December 7, 2017 | **KIMBERLY DIANA NOEL** | | $800.00 | WalMart, Palm Desert, California |
| c. | December 13, 2017 | **CHOICE LYNN NEEDHAM** | $800.00 | | Wal Mart, McAlester, Oklahoma |
| d. | December 13, 2017 | **KIMBERLY DIANA NOEL** | | $800.00 | WalMart, Palm Desert, California |
| e. | December 27, 2017 | **CHOICE LYNN NEEDHAM** | $900.00 | | Wal Mart, McAlester, Oklahoma |
| f. | December 27, 2017 | **KIMBERLY DIANA NOEL** | | $900.00 | WalMart, Palm Desert, California |
| g. | January 2, 2018 | **CHOICE LYNN NEEDHAM** | $1,200.00 | | Wal Mart, McAlester, Oklahoma |
| h. | January 2, 2018 | **KIMBERLY DIANA NOEL** | | $1,200.00 | WalMart, Palm Springs, California |
| i. | October 19, 2018 | **CALVIN JAMES WOODMORE** | | $2,000.00 | WalMart, McAlester, Oklahoma |
| j. | November 20, 2018 | **CHOICE LYNN NEEDHAM** | $1,000.00 | | Wal Mart, McAlester, Oklahoma |
| k. | November 20, 2018 | **KIMBERLY DIANA NOEL** | | $1,000.00 | Cardenas Market, Cathedral City, California |
| l. | November 20, 2018 | **CHOICE LYNN NEEDHAM** | $1,000.00 | | Wal Mart, McAlester, Oklahoma |
| m. | March 31, 2019 | **VALERIE NACOLE ADCOCK** | $1,175.00 | | Wal Mart, McAlester, Oklahoma |
| n. | March 31, 2019 | **KIMBERLY DIANA NOEL** | | $1,175.00 | WalMart, Palm Springs, California |

| o. | June 7, 2019 | **VALERIE NACOLE ADCOCK** | $900.00 | | Wal Mart, McAlester, Oklahoma |
| p. | June 7, 2019 | **KIMBERLY DIANA NOEL** | | $900.00 | WalMart, Palm Springs, California |

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS TEN THROUGH SEVENTEEN

### LAUNDERING MONETARY INSTRUMENTS
### [18 U.S.C. § 1956(a)(1)(A)(i) & 2]

On or about the dates set forth in the following table, in the Eastern District of Oklahoma and elsewhere, the defendants **JANET SUE TROUTT, KIMBERLY DIANA NOEL, EARL WILLARD WOODMORE, III, CALVIN JAMES WOODMORE, AMBER NICOLE WOODMORE, VALERIE NACOLE ADCOCK, DENNIS CLYDE MARSHALL,** and **CHOICE LYNN NEEDHAM,** did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce as described in the following table, which involved the proceeds of a specified unlawful activity, that is Distribution of Controlled Substances, in violation of Title 21, United States Code, Section 841(a)(1) with the intent to promote the carrying on of specified unlawful activity, to wit: Possession with Intent to Distribute and Distribution of Controlled Substances, in violation of Title 21, United States Code, Section 841(a)(1) and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity:

| Count | Date | Defendant | Transaction |
|---|---|---|---|
| 10 | July 26, 2019 | **JANET SUE TROUTT** | Caused $1,850.00 to be deposited into Bank of America account number xxxxxxxx6794 in Rogers, Arkansas. |

21

| 11 | July 26, 2019 | **KIMBERLY DIANA NOEL** | Caused $1,840.00 in United States Currency to be withdrawn from BOA acct no. xxxxxxxx1413 in Desert Hot Springs, California. |
| 12 | March 5, 2019 | **EARLY WILLARD WOODMORE, III** | Caused $9,200.00 to be transferred from BOA acct. no. xxxxxxxx3594 in Tulsa, Oklahoma to BOA acct no. xxxxxxxx1413 in Desert Hot Springs, California. |
| 13 | October 19, 2018 | **CALVIN JAMES WOODMORE** | Caused a transfer of $2,000.00 in United States Currency via MoneyGram from the WalMart Store in McAlester, Oklahoma to a WalMart Store in California. |
| 14 | December 7, 2017 | **AMBER NICOLE WOODMORE** | Caused a transfer of $800.00 in United States Currency via MoneyGram from the WalMart Store in McAlester, Oklahoma to a WalMart Store in Palm Desert, California. |
| 15 | March 31, 2019 | **VALERIE NACOLE ADCOCK** | Caused a transfer of $1,175.00 in United States Currency via RIA Money Transfer from the WalMart Store in McAlester, Oklahoma. |
| 16 | March 22, 2019 | **DENNIS CLYDE MARSHALL** | Caused $5,400.00 to be deposited into BOA acct no. xxxxxxxx3594 in Tulsa, Oklahoma. |
| 17 | January 2, 2018 | **CHOICE LYNN NEEDHAM** | Caused a transfer of $1,200.00 in United States Currency via MoneyGram from the WalMart Store in McAlester, Oklahoma to **KIMBERLY DIANA NOEL**. |

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and 2.

## COUNTS EIGHTEEN THROUGH TWENTY-ONE

### LAUNDERING MONETARY INSTRUMENTS
### [18 U.S.C. § 1956(a)(1)(B)(i) & 2]

On or about the dates set forth in the following table, in the Eastern District of Oklahoma and elsewhere, the defendants, **JANET SUE TROUTT, KIMBERLY DIANA NOEL, EARLY WILLARD WOODMORE, III,** and **DENNIS CLYDE MARSHALL,** did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce as described in the following table, which involved the proceeds of a specified unlawful activity, that is Distribution of Controlled Substances, in violation of Title 21, United States Code, Section 841(a)(1), knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity:

| Count | Date | Defendant | Transaction |
|-------|------|-----------|-------------|
| 18 | July 26, 2019 | **JANET SUE TROUTT** | Caused $1,850.00 to be deposited into Bank of America account number xxxxxxxx6794 in Rogers, Arkansas. |
| 19 | July 26, 2019 | **KIMBERLY DIANA NOEL** | Caused $1,840.00 in United States Currency to be withdrawn from BOA acct no. xxxxxxxx1413 in Desert Hot Springs, California. |
| 20 | March 5, 2019 | **EARLY WILLARD WOODMORE, III** | Caused $9,200.00 to be transferred from BOA acct. no. xxxxxxxx3594 in Tulsa, Oklahoma to BOA acct no. xxxxxxxx1413 in Desert Hot Springs, California. |

| 21 | March 22, 2019 | **DENNIS CLYDE MARSHALL** | Caused $5,400.00 to be deposited into BOA acct no. xxxxxxxx3594 in Tulsa, Oklahoma. |

All in violation of Title 18 United States Code Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE ALLEGATION
### [21 U.S.C. § 853]

The allegations contained in Count One of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

Upon conviction of the violations alleged in Count One of this Indictment involving violations of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A), the defendants, **KIMBERLY DIANA NOEL, EARLY WILLARD WOODMORE, III, CALVIN JAMES WOODMORE, AMBER NICOLE WOODMORE, VALERIE NACOLE ADCOCK, DENNIS CLYDE MARSHALL, Jr., PRENTICE ROLAND KEITH, JIMMIE RAY STEPHENS, TIFFANY ANN MEEKS-DAVIS, MICHAEL DEWANE HUNT, CHOICE LYNN NEEDHAM, and JANET SUE TROUTT,** shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853 any and all of the defendants' right, title and interest in all property constituting and derived from any proceeds obtained directly and indirectly as the result of such offense[s], and any in all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense(s), including, but not limited to:

## FIREARMS AND AMMUNITION

- One (1) Remington Arms Co., Model 870 Express, 12 gauge pump action shotgun, serial number X271471M;

- One (1) Sota Arms, Model Pa 15, multi caliber, semi-automatic pistol, serial number 3090;

24

- One (1) Mossberg Model 500A, 12 gauge pump action shotgun, serial number J660191;

- One (1) The Marlin Firearms Co., Model Glenfield mod. 10, .22 caliber bolt action rifle, with no serial number;

- Nine (9) rounds of Remington brand .20 gauge caliber shotgun ammunition;

- Nineteen (19) rounds Remington brand .410 gauge shotgun ammunition;

- Eight (8) rounds of .223 Remington/5.56x45mm caliber ammunition (7 rounds of Lake City brand and 1 round of Federal brand);

- Eleven (11) rounds of .223 Remington/5.56x45mm caliber ammunition (4 rounds of Lake City brand and 7 rounds of Federal brand);

- Four (4) rounds of 12 gauge caliber shotgun ammunition (3 rounds of Winchester brand and 1 round of Sellier and Bellot brand);

- One (1) round of Remington brand .22 caliber ammunition;

- Ten (10) rounds of Russian manufactured 7.62x39mm caliber ammunition;

- Twenty-three (23) rounds of Remington brand .357 Magnum caliber ammunition.

- One (1) Savage Arms (Canada) Inc., Model Savage Mark II. .22 caliber bolt action rifle with Simmons scope serial number 0271039;

- One (1) Firearms Import and Export (F.I.E.), Model Tex, .22 caliber revolver with serial number IY41567;

- One (1) Companhia Brasileiros de Cartouchos (CBC), Model SB, 12 gauge break open shotgun, serial number 376733;

- One (1) Remington Arms Union Metallic Ctg Co., Model 11, 12 gauge semi-automatic shotgun, serial number 244394;

25

- One (1) Savage Arms Co. (Stevens), Model 258A, 20 gauge bolt action shotgun, with no serial number;

- One (1) High Standard Manufacturing Corp., Model Double Nine, .22 caliber revolver, serial number 1948891;

- One (1) Heritage Manufacturing, Model Rough Rider, .22 caliber revolver, serial number G85489;

- One (1) round Remington brand .32 Smith and Wesson caliber ammunition;

- Twenty-four (24) rounds Companhia Brasileiros de Cartouchos (CBC) brand .357 Magnum caliber ammunition;

- Four (4) rounds of 12 gauge shotgun ammunition (2 Remington brand and 2 Winchester brand);

- One (1) round of Winchester brand 12 gauge shotgun ammunition;

- Six (6) rounds of .22 Magnum caliber ammunition (3 Cascade Cartridges Inc. (CCI) brand and 3 Winchester brand);

- Nineteen (19) rounds of .44 Remington Magnum caliber Federal brand ammunition;

- Ten (10) rounds of .22 caliber ammunition (2 Federal brand and 8 Remington brand); and

- Fifty-eight (58) rounds of .223 Remington/5.56x45mm caliber ammunition (50 rounds Lake City brand and 8 rounds Federal brand).

## **MONEY JUDGMENT**

An asset forfeiture money judgment in the amount of proceeds obtained by the conspiracy and by the defendants.

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendants:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

## FORFEITURE ALLEGATION
### [18 U.S.C. § 924(d)(1) & 28 U.S.C. § 2461(c)]

The allegations contained in Counts Four and Five of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

Upon conviction of the violations alleged in Counts Four and Five of this Indictment involving violations of Title 18, United States Code, Sections 924(c), 922(g)(1), and 924(a)(2) the defendant, **PRENTICE ROLAND KEITH,** shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of the offenses, including, but not limited to:

- One (1) Remington Arms Co., Model 870 Express, 12 gauge pump action shotgun, serial number X271471M;

27

- One (1) Sota Arms, Model Pa 15, multi-caliber, semi-automatic pistol, serial number 3090;

- One (1) Mossberg Model 500A, 12 gauge pump action shotgun, serial number J660191;

- One (1) The Marlin Firearms Co., Model Glenfield mod. 10, .22 caliber bolt action rifle, with no serial number;

- Nine (9) rounds of Remington brand .20 gauge caliber shotgun ammunition;

- Nineteen (19) rounds Remington brand .410 gauge shotgun ammunition;

- Eight (8) rounds of .223 Remington/5.56x45mm caliber ammunition (7 rounds of Lake City brand and 1 round of Federal brand);

- Eleven (11) rounds of .223 Remington/5.56x45mm caliber ammunition (4 rounds of Lake City brand and 7 rounds of Federal brand);

- Four (4) rounds of 12 gauge caliber shotgun ammunition (3 rounds of Winchester brand and 1 round of Sellier and Bellot brand);

- One (1) round of Remington brand .22 caliber ammunition;

- Ten (10) rounds of Russian manufactured 7.62x39mm caliber ammunition; and

- Twenty-three (23) rounds of Remington brand .357 Magnum caliber ammunition.

### FORFEITURE ALLEGATION
**[18 U.S.C. § 924(d)(1) & 28 U.S.C. § 2461(c)]**

The allegations contained in Counts Seven and Eight of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

Upon conviction of the violations alleged in Counts Seven and Eight of this Indictment involving violations of Title 18, United States Code, Sections 924(c), 922(g)(1), and 924(a)(2), the defendant, **JIMMIE RAY STEPHENS**, shall forfeit to the United States pursuant to Title 18,

28

United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of the offenses, including, but not limited to:

- One (1) Savage Arms (Canada) Inc., Model Savage Mark II. .22 caliber bolt action rifle with Simmons scope serial number 0271039;

- One (1) Firearms Import and Export (F.I.E.), Model Tex, .22 caliber revolver with serial number IY41567;

- One (1) Companhia Brasileiros de Cartouchos (CBC), Model SB, 12 gauge break open shotgun, serial number 376733;

- One (1) Remington Arms Union Metallic Ctg Co., Model 11, 12 gauge semi-automatic shotgun, serial number 244394;

- One (1) Savage Arms Co. (Stevens), Model 258A, 20 gauge bolt action shotgun, with no serial number;

- One (1) High Standard Manufacturing Corp., Model Double Nine, .22 caliber revolver, serial number 1948891;

- One (1) Heritage Manufacturing, Model Rough Rider, .22 caliber revolver, serial number G85489;

- One (1) round Remington brand .32 Smith and Wesson caliber ammunition;

- Twenty-four (24) rounds Companhia Brasileiros de Cartouchos (CBC) brand .357 Magnum caliber ammunition;

- Four (4) rounds of 12 gauge shotgun ammunition (2 Remington brand and 2 Winchester brand);

- One (1) round of Winchester brand 12 gauge shotgun ammunition;

- Six (6) rounds of .22 Magnum caliber ammunition (Cascade Cartridges Inc. (CCI) brand and 3 Winchester brand);

- Nineteen (19) rounds of .44 Remington Magnum caliber Federal brand ammunition;

- Ten (10) rounds of .22 caliber ammunition (2 Federal brand and 8 Remington brand); and

- Fifty-eight (58) rounds of .223 Remington/5.56x45mm caliber ammunition (50 rounds Lake City brand and 8 rounds Federal brand).

A TRUE BILL:

BRIAN J. KUESTER
United States Attorney

Pursuant to the E-Government Act, the original indictment has been filed under seal in the Clerk's Office.

s / Foreperson
FOREPERSON OF THE GRAND JURY

ROB WALLACE, OBA # 13130
Assistant United States Attorney